## C. VANDERGRIFFT v. ARIS COX, ET AL.

**Will—Limitations.**
> Where a testator bequeaths a life estate to his widow, but does not dispose of the fee of his real estate, but places the property in the hands of an executor to manage and sell at the death of his widow and divide the money among his children, such fee descends at his death to his heirs.

**Limitations.**
> When a testator disposes of his personal property, making no disposition of his realty, but does provide that his executor shall sell the same at the death of his widow and distribute the proceeds among his children, and his children of full age convey the real estate, for a fair consideration, to a purchaser who takes possession and holds it adversely to all the world for more than thirty years, his title is good. The statute of limitations also is a bar to an action to recover the land from him.

### APPEAL FROM HENRY CIRCUIT COURT.

### January 26, 1875.

OPINION BY JUDGE LINDSAY:

By the will of Samuel Thorn, his widow, Nelly Thorn, took a life estate in one-third of his landed estate, or in the rents and profits arising therefrom.

The fee simple estate in his land was not disposed of at all. He provided that the rents and profits of the land not embraced by the life estate, to be taken by his widow, should be equally divided between his two daughters, Peggy Cox and Nancy Brown, and in case of their death, among their children, in such manner as his executors might deem most conducive to their benefits. The power of managing the landed estate was given to the executors, and at the death of the testator's wife, they were directed to sell it and such personal property as might remain in their hands, and divide the proceeds among his two daughters and their children in such way as might appear to them the most likely "to do them good."

The land itself is not devised at all. Neither the daughters nor their children take any estate in it under the will. The executors were merely invested with the power to manage, and finally to sell. It therefore necessarily results that the title descended to the heirs at law of the testator.

Under the deeds from Mrs. Cox and Mrs. Brown, Vandergrifft entered, taking possession of the entire tract of land. He has been

in possession for over thirty years. He did not enter as a tenant in common with these appellees or any of them. Whether the conveyance from their mother be valid or invalid, is immaterial. The fact that he claimed under it shows that he was holding adversely to her, and conduces to show that he held adversely to her children.

She became discovert more than thirty years before her death, and the youngest of the appellees become an adult nineteen years before the institution of this action. The fifteen year statute of limitation effectually bars this action, even if it were conceded that the legal title to the land, or any part of it, passed to these appellees under their grandfather's will. But as we have already seen, such was not the case.

The judgment of the court below is erroneous. For the reasons given, it is *reversed* and the cause remanded with instructions to dismiss appellees' petition.

*Webb, Montfort, J. & J. W. Rodman, for appellant.*
*DeHaven & Carroll, George C. Drane, for appellees.*

